IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILI

APR 30 2002

JNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| KATHY ALLEN, ETC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.: CV-01-PT-2992-M |
| | ) |
| KYLE CHRISTENBERRY, ET AL., | ) |
| | ) |
| Defendants. | ) |

ENTERED

APR 30 2002

### MEMORANDUM OPINION

This cause comes to be heard upon plaintiff Kathy Allen's Motion to Remand filed on

November 27, 2001.

### FACTS AND PROCEDURAL HISTORY

On May 20, 1996, Drs. Larry Grimes, W. Newton Godfree, James Phillips, and Kyle

Christenberry, d/b/a Drs. Grimes & Godfree, P.C., (sic) entered into a contract as "independent

contractors" with Etowah Quality of Life ("EQOL")[1] to provide in-hospital gynecological and

obstetrical services to EQOL's patients.[2] The purported contractors contracted to provide these

services at the various hospitals, clinics, offices, and institutions served by the EQOL.[3]

---

[1] The EQOL is an Alabama not-for-profit corporation with its principal place of business in Etowah County, Alabama. EQOL is a federally supported health center funded under § 330 of the Public Health Services Act. Apparently there is no dispute that EQOL is a qualified "entity" under 42 U.S.C. § 233(g)(4).

[2] The contract was executed by Dr. Larry Grimes on behalf of "Drs. Grimes, Godfree, Phillips, Christenberry" and by Wayne Rowe on behalf of Etowah Quality of Life, Inc. The contract was not signed on behalf of the P.C. See 42 U.S.C. § 233(g)(1)(A). The pertinent statute apparently does not provide authority to contract with the P.C. It was signed on behalf of the individual physicians as independent contractors. For a full discussion of the pertinent contract terms, see this court's order filed January 4, 2002. On May 31, 1996, the shareholders of Drs. Grimes & Godfree, P.C., amended the Articles of Incorporation to change the corporation's name to Women's Healthcare Professionals, P.C. The fact that the individual contractors may have been paid through the P.C. is not controlling. The contract controls.

[3] Drs. Christenberry and Godfree did not personally sign or initial the contract. It appears that they have ratified the contract, individually, through performing services under it. There are only three possibilities: (1) there was no contract between EQOL and anyone; (2) there was a contract between EQOL and the P.C.; or (3) there was

Kathy Allen ("Allen") became pregnant in 1996. During her pregnancy, Dr. Kyle Christenberry ("Christenberry") and Dr. W. Newton Godfree ("Godfree") (defendants) were her obstetricians.[4] All services provided by Christenberry and Godfree to Allen were rendered pursuant to the contract entered into with EQOL.[5]

On June 6, 1997, Allen filed a medical malpractice action against Christenberry, Godfree, EmCare, Inc. ("EmCare"),[6] Dr. Vernon Johnson,[7] and QHC of Gadsden, Inc. ("QHC"), d/b/a Gadsden Regional Medical Center in the Circuit Court of Etowah County, Alabama. Dr. Christenberry was served with a copy of the summons and complaint on June 17, 1997. Dr. Godfree was served with a copy of the summons and complaint on June 18, 1997.

Wayne Rowe ("Rowe"), Chief Executive Officer of EQOL, was notified of this civil

---

a contract between EQOL and the individual physicians. While the contract was inartfully drafted, the most likely conclusion is that there is a contract with the individual physicians either by virtue of the contract being signed by the agent of the individual physicians or, in any event, by ratification by the individual physicians. The court further notes that in EQOL's 1996 application Christenberry and Godfree were listed as "employees." On June 21, 1996, the HHS stated in a determination letter that:

> This 'FTCA coverage' is applicable to deemed entities and their (sic) including officers, governing board members, employees, and contractors who are physicians or other licensed or certified health care practitioners working full-time (minimum 32.5 hours per week) or part-time providing family practice, general internal medicine, general pediatrics, or obstetrical/gynecological services.

[4] Drs. Christenberry and Godfree provided on call services for EQOL. Allen was being followed during her pregnancy by Dr. Vickie Griffin. Drs. Christenberry and Godfree received a call from Allen and cared for her while she was an inpatient at Gadsden Regional Medical Center ("GRMC") during the time period of November 21, 1996 to November 23, 1996. After she was discharged, her care was resumed by Dr. Griffin.

[5] Drs. Christenberry and Godfree did not charge anything for the services they provided Allen apart from the compensation which was received under the contract with EQOL. Pursuant to the terms of the contract, EQOL was billed monthly for the services rendered by the contractors.

[6] EmCare is the corporation that provided physicians to practice in GRMC's emergency room.

[7] According to the allegations in the complaint, Dr. Johnson was employed at GRMC and was serving in that capacity in the emergency room on November 24, 1996.

action.[8]  On July 1, 1997, Rowe made a written request of the Office of the General Counsel for

the Department of Health and Human Services ("HHS") to move to dismiss the doctors as

named defendants or to defend the lawsuit on behalf of Drs. Christenberry and Godfree.[9]  *See*

Exhibit 1.  In his letter, Rowe explained that "Drs. Christenberry and Godfree provide on-call

delivery coverage to Quality of Life Health Services, Inc. patients via a contractual arrangement

with Women's Health Care, a privately owned facility."  Rowe attached a "subpoena" (sic) that

indicated that Drs. Christenberry and Godfree were defendants in the medical malpractice

action.[10]  He also enclosed a copy of the contract executed by EQOL and the doctors.

On July 17, 1997, Elizabeth Jordan Gianturco, Chief Litigation Branch, HHS, responded

to Rowe's request as follows:

> Before this office can request representation by the Department of Justice for the
> above captioned case, we must determine whether the health center and its
> personnel are covered under the Federal Tort Claims Act and were working
> within the scope of the grant and their employment with respect to the allegations.
> We will need the following additional information as quickly as possible.  The
> information provided should pertain to the date of the alleged incident which in
> this case appears to be November 23, 1996.
>
> 1. A copy of your center's deeming letter.
> 2. Copies of *a valid medical license or certificate* which was in effect at the time
> of the alleged negligence *for each individual practitioner involved.*

---

[8]  It is not clear from the record who notified Rowe.  The defendants and the Government dispute whether
Rowe was the defendants' "immediate superior" for notification purposes.  *See* 42 U.S.C. § 233(b).  The defendants
contend that Rowe was the person designated by the Secretary of HHS to receive complaints against EQOL and/or
its contractors.  They also contend that Rowe was the person designated by HHS to forward any such complaints to
HHS.  In support of these contentions, defendants submit the affidavit of Yvonne George, Risk Manager for EQOL.
In contrast, the Government contends that the defendants do not have an "immediate superior" under 42 U.S.C. §
233(b) because they are not commissioned officers, employees or contractors of the Public Health Service.  The
latter argument is circular.

[9]  Rowe sent the request to the Office of General Counsel, Business and Administrative Law Division,
Chief Litigation Branch, c/o Ms. Phyllis Hastings.

[10]  Apparently he attached a copy of the summons and complaint rather than a "subpoena."

3

3. A statement from you or someone in authority that the practitioner was not billing privately for services to any center patients.
4. A copy of all of the plaintiff's medical records from the health center and any private facility that might be involved.
5. A copy of all insurance policies providing coverage of any type to the health center and the involved individuals.
6. A narrative statement regarding the facts of the alleged incident by the practitioner, the medical director or someone familiar with the events.

Please send a copy of all the documents that you send to us to:

Roger Einerson
Torts Branch
Civil Division
Department of Justice
Post Office Box 898
Ben Franklin Station
Washington, D.C. 20044

*See* Exhibit 2 (emphasis added).

On August 4, 1997, Rowe responded to Ms. Gianturco's request.[11] Rowe enclosed the following documents in his response: 1) the EQOL's deeming letter; 2) copies of Christenberry and Godfree's medical licenses; 3) a statement regarding billing records; 4) Allen's medical records; 5) Christenberry and Godfree's malpractice insurance policy; and 6) Christenberry and Godfree's narratives regarding the alleged incident. *See* Exhibit 3.

According to Rowe, the United States failed or refused to defend the action or to cause it to be defended. Apparently, it took *no* action in response to the letters of July 17, 1997 and August 4, 1997.

On November 12, 1997, counsel for Drs. Christenberry and Godfree wrote the FTCA

_____

[11] Rowe's letter was addressed to the Chief Litigation Branch, c/o Elizabeth Jordan Gianturco, Business and Administrative Law Division, Office of General Counsel, Room 5362, Cohen Building, 330 Independence Avenue, S.W., Washington, D.C. 20201. By stamped notation on the letter, the requested documents were said to have been received on August 11, 1997. It is not clear whether copies were sent to Einerson. It should be noted that no position was taken at the time that Rowe was not the "immediate superior."

Coordinator for the Public Health Service as follows:

> This follows our telephone conference November 12, 1997. We are defending Dr. W. Newton Godfree and Dr. Kyle P. Christenberry obstetricians practicing in Gadsden, Alabama.
>
> Enclosed are copies of the following items:
>
> 1. Complaint filed by Kathy Allen in the Circuit Court of Etowah County, Alabama, Civil Action No. CV-97-974-RSM.
> 2. Motion to dismiss filed for defendants, W. Newton Godree, M.D., and Kyle P. Christenberry, M.R.
> 3. Plaintiff's response to motion to dismiss filed by Mr. Douglas Burns, attorney for plaintiff.
> 4. Plaintiff's supplemental response to motion to dismiss filed by Mr. John S. Morgan, also an attorney with the law firm representing the plaintiff.
>
> I have received and thank you for Standard Form 95.
>
> Thank you very much for your attention in this matter.[12]

*See* Exhibit 4.

Drs. Christenberry and Godfree filed the motion to dismiss in state court. The basis of the motion was that Circuit Court of Etowah County, Alabama did not have subject matter jurisdiction over the action because Christenberry and Godfree were employees of the Federal Government. The defendants claimed that the state court did not have subject matter jurisdiction because their actions in their capacities as doctors for EQOL were covered under the Federal Tort Claims Act. By order dated January 16, 1998, Judge Roy Moore denied the defendants' motion to dismiss. Thereafter, the defendants filed an answer to Allen's complaint asserting that they were immune from the claims alleged in the complaint.

By order dated April 24, 2001, Allen's medical malpractice lawsuit was set first on the

---

[12] Counsel for the defendants, Robert E. Parsons, addressed the letter to Ms. Eve Berzins, FTCA Coordinator, SFO, Public Health Service, HRSA/Southeast Field Office, Health Professional Branch, 101 Marietta Towers, Suite 1209, Atlanta, GA 30323.

Etowah County Circuit Court trial docket for November 26, 2001.  On November 16, 2001,

counsel for Drs. Christenberry and Godfree wrote a letter to Jeffrey Axelrad of the Department

of Justice seeking a determination as to the employment status of Drs. Christenberry and

Godfree.[13]  That letter stated as follows:

> This firm represents Drs. Christenberry and Godfree in a civil action brought by
> Kathy Allen, a mother of deceased infant, Dakota Allen.  A copy of the complaint
> is enclosed.  Both of my clients were working as contractors with the Quality of
> Life Health Services, Inc., a federally-supported health center funded under
> Section 330 of the Public Health Service Act.  Enclosed is a copy of a letter of
> Phyllis Hastings of the Office of General Counsel from Wayne Rowe, CEO of
> Quality of Life.
>
> Also enclosed is a note written by Drs. Christenberry concerning the services he
> and his partner, Dr. Godfree, provided Ms. Allen.  Neither physician billed the
> patient privately for this service.  I am also enclosing a copy of a contract
> between Etowah Quality of Life and the subject physicians.
>
> It has been previously requested that a defense be provided to my clients by the
> Department of Justice.  However, this request apparently was never processed.
> We are now preparing to go to trial on November 26, 2001, in the Circuit Court of
> Etowah County, Alabama.
>
> The purpose of this letter is to request a certification by the attorney general that
> my clients were acting within the scope of their employment with the federally-
> supported program for purposes of substitution of the United States as a party
> defendant under the Federal Tort Claims Act.
>
> In light of the fact that this case is set for trial on November 26, we are obviously
> under serious time constraints.  Accordingly, your expedited attention to this
> matter is greatly appreciated.
>
> You may contact Mr. Wayne Rowe, CEO of Quality of Life, at 256/492-0131.
> Also, I would appreciate your contacting the undersigned Monday to confirm this
> request.

---

[13]  The court does not decide, but it would appear that Drs Christenberry and Godfree are being
represented by attorneys provided by their malpractice insurance carriers.  In view of Title 42 U.S.C. §
233(g)(1)(H)(2), the ultimate liability for damages, if any, may lie with such carrier in any event.  Further, there
may be an issue as to whether, if they have malpractice insurance which covers them, they have coverage under 42
U.S.C. § 233.

*See* Exhibit 5.[14]

This letter was forwarded to Constance L. Foster ("Foster"), Acting Chief, Litigation

Branch of HHS, on November 19, 2001. *See* Exhibit 6. As indicated by Exhibit 6, on November

20, 2001, Foster informed defendants' counsel that HHS had determined that "neither Dr.

Christenberry nor Dr. Godfree may be deemed to be employees of the Public Health Service

pursuant to the Federally Supported Health Centers Assistance Act." According to Foster, this

decision was based on the fact that Drs. Christenberry and Godfree "did not contract directly

with the health center but instead provided services pursuant to an intermediate contract signed

by a representative of their practice group."[15]

On the same day (November 20, 2001), the United States of America by and through the

United States Attorney for the Northern District of Alabama filed a notice in the Circuit Court of

Etowah County, Alabama, that the Secretary of Health and Human Services "*has under*

*consideration*" whether Drs. Christenberry and Godfree are to be deemed employees of the

Public Health Service. *See* Exhibit 7. The notice was purportedly filed pursuant to 42 U.S.C. §

233(l)(1) but did not purport to *determine* whether Drs. Christenberry and Godfree *were*

contractors of EQOL. The notice stated that on November 16, 2001 the Attorney General of the

United States was first notified of the existence of the action by virtue of a letter dated

---

[14] From aught that appears, this may have been the first actual notice to the Attorney General. See, however, the July 17, 1997 HHS letter which requested that a copy be sent to the Department of Justice.

[15] The letter from the Department also stated that "[b]y operation of 42 U.S.C. § 233(g)(l)(F), the determination by the Department of Health and Human Services that Dr. Christenberry and Dr. Godfree shall not be deemed to be employees of the Public Health Service is final and binding upon the Attorney General and the parties to your action in State court." This court does not agree with either premise. For reasons indicated elsewhere herein, this court is of the opinion that Drs. Christenberry and Godfree did contract directly with EQOL. Further, while it may be clear under the statute that a decision of HHS may be final if HHS determines that the physicians *are* covered contractors, the court finds no statute which states that a contrary decision is final, particularly when contested by arguably covered contractors.

November 16, 2001 from private counsel for defendants Christenberry and Godfree to the

Director of Torts Branch, Civil Division, U.S. Department of Justice.  It also stated that the

notice filed by the United States was timely pursuant to 42 U.S.C. § 233(I)(1).

On November 21, 2001, Drs. Christenberry and Godfree filed, for the first time, a Notice

of Removal of this action purportedly pursuant to 42 U.S.C. § 233 and 28 U.S.C. §§ 1331, 1346,

1446(b), 2672-80.  The remaining defendants consented to removal of the action.  It is not clear

that such consent would be required under 42 U.S.C. § 233.

## ARGUMENTS

Allen makes three primary arguments in support of her motion to remand.  First, Allen

claims that the action was untimely removed according to the provisions of 28 U.S.C. §

1446(b).[16]  The United States has appeared in support of the plaintiff and makes similar and

additional arguments.  Allen contends that the defendants believed that the case was removable

when they received a copy of the summons and complaint because they filed a Motion to

Dismiss on June 26, 1997, stating:

---

[16]  That statute provides in relevant part the following:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant is such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. 1446(b) (1994).  These statutory provisions do not specifically address the circumstances applicable to 42 U.S.C. § 233 or 28 U.S.C. §§ 2671 *et seq.*, particularly 28 U.S.C. § 2679.

[D]efendants . . . move the Court . . . 2. [t]o dismiss the action because the Circuit Court of Etowah County, Alabama does not have subject matter jurisdiction for the reason that on the occasion of the incident or incidents made the basis of the plaintiff's complaint the defendant was an employee of the Federal Government.

[D]efendants . . . move the Court . . . 3. [t]o dismiss the action because the Circuit Court of Etowah County does not have subject matter jurisdiction for the reason that the defendant is covered under the Federal Tort Claims Act pursuant to the provisions of § 224(h) of the Public Health Service Act, 42 U.S.C. 233(h) as amended by the Federally Supported Health Centers Assistance Act of 1995 (Pub. L. 104-73).

In light of these statements, Allen claims that the defendants have known that they had a removable case since June 26, 1997. Consequently, Allen contends that defendants' removal of this action on November 21, 2001 is untimely pursuant to the removal provisions of 28 U.S.C. 1446(b).[17]

Second, Allen argues that this action should be remanded because the doctrines of res judicata, estoppel, issue preclusion, waiver, and laches preclude this court from determining whether the defendants are "federal employees." In support of this proposition, Allen notes that the issue of whether the defendants were "federal employees" was voluntarily submitted to and decided by the Circuit Court of Etowah County. Allen asserts that the defendants' Motion to Dismiss was based on their contentions that they were federal employees. According to Allen, the state court held a hearing on said motion and failed to find that the defendants were federal employees. Thus, Allen contends, the defendants are now presently barred from presenting this claim.[18]

---

[17] It should be noted that the defendants' first duty was to notify their "immediate superior."

[18] This court rejects this argument without further discussion. Among other reasons, there has been no final judgment. Further, the state court could not establish jurisdiction if none existed. There may be other reasons.

9

Finally, Allen argues that this action is due to be remanded because the defendants'
contention that a Federal Tort Claims Act ("FTCA") case can be removed at any time, pursuant
to 28 U.S.C. § 2679, is erroneous.  To support this contention, Allen asserts that this action is not
a FTCA claim.  Instead, Allen argues, her claim is directed at the defendants in their individual
capacities for medical malpractice.  Allen additionally notes that the claim is not against the
United States pursuant to the FTCA.  Second, Allen contends that 28 U.S.C. § 2679 does not
afford the defendants a provision for removal.  According to Allen, 28 U.S.C. § 2679 only
provides the United States Attorney General a provision for removing a civil suit against a
federal agency or a federal employee acting within the line and scope of his office.[19]  Allen notes
that the Attorney General has not certified that the defendants were acting within the scope of
their office or employment and has not removed the action.  Additionally, Allen states that the
Department of Health and Human Services has directly declined to certify the defendants as
"federal employees."[20]  Since her action is not a FTCA claim and the Attorney General did not
remove it from state court, Allen concludes, this civil action is due to be remanded.

The defendants raise two primary arguments in response.  First, defendants contend that

--------

[19]  The statute provides in relevant part:

(2) Upon certification by the Attorney General that the defendant employee was acting within the
scope of his office or employment at the time of the incident out of which the claim arose, any
civil action or proceeding commenced upon such claim in a State court shall be removed by the
Attorney General to the district court . . . .

(3) . . . In the event the petition is filed in a State court, the action or proceeding may be removed
without bond by the Attorney General to the district court . . . .

28 U.S.C. § 2679 (1994).

[20]  Allen argues that the Department's decision to deny the defendants status as "federal employees" is
final and binding upon all parties to this action.  *Citing Rendon v. U.S.*, 2001 WL 185526 (E.D. Pa. Feb. 22, 2001)
(dismissing medical malpractice complaint as time-barred under the FTCA after substitution of United States as
defendant ).  As indicated elsewhere, this court disagrees.

10

the removal was timely pursuant to the requirements of 28 U.S.C. § 1446. In support of this

proposition, defendants note that on November 20, 2001 they received the Notice filed by the

Attorney General with the Circuit Court of Etowah County, stating that the defendants may be

"federal employees." Defendants claim that they removed the action within twenty-four hours

of receipt of this Notice. Consequently, they argue that the removal was timely pursuant to 28

U.S.C. § 1446.[21]

Second, defendants argue that this court should withhold ruling on the jurisdictional issue

until the question of whether the defendants were federal employees is resolved. Defendants

state that if Drs. Christenberry and Godfree are federal employees, then the United States is due

to be substituted as the proper party defendant and plaintiff's claims would be against the federal

government. Consequently, this court would have subject matter jurisdiction pursuant to 28

U.S.C. § 1331. *Relying on* 28 U.S.C. §§ 2671-2690; *Cope v. U.S. Dep't of Justice*, 2000 WL

1024639 (E.D. Pa. July 13, 2000); *Whalen v. U.S.*, 29 F. Supp. 2d 1093 (D.S.D. 1988) (noting

that court had jurisdiction of lawsuit against National Park Service based upon 28 U.S.C. § 1331

because the action involved the interpretation of the FTCA).[22] Defendants argue that they are

entitled to have the scope-of-employment issue resolved by this court because the determination

of whether they are federal employees (or contractors) is a question of law. *Citing Quilico v.*

*Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984). They note that the Eleventh Circuit has not

---

[21] Defendants contend that the plaintiff's argument that their removal petition was untimely because they allegedly believed that the case was removable when they received a copy of the summons and complaint is without merit. Defendants claim that they cannot create federal jurisdiction in this case by way of a defense to the plaintiff's claims. *Citing Hill v. Marston*, 13 F.3d 1548, 1549 (11th Cir. 1994). This argument may evade the issue. Both of these initial arguments are weak.

[22] The defendants apparently concede that if the claims against them do not fall within the FTCA, then the action is due to be remanded to the Circuit Court of Etowah County, Alabama.

addressed the issue of whether an individual physician who contracts with an eligible entity

through his professional corporation is a federal employee. *See Dedrick v. Youngblood*, 200

F.3d 744, 747 n.4 (11th Cir. 2000). However, they note that removal by an employee who may

be deemed a federal employee has implicated federal jurisdiction notwithstanding the fact that

the Attorney General did not certify in state court that the defendant was a federal employee

acting within the line and scope of his employment. *Relying on Flohr v. Mackovjak*, 84 F.3d 386

(11th Cir. 1996) (holding that denial of motion to substitute United States as defendant pursuant

to the FTCA was an appealable decision since refusal to substitute would have denied immunity

to employee afforded under the Act).

Allen makes two primary arguments in reply. First, she contends that the defendants

have waived their right to remove this action pursuant to 28 U.S.C. § 1442(a)(1). Allen states

that defendants' reliance on 28 U.S.C. § 1446 for the basis of their removal is erroneous because

the statute does not confer authority for removal. Instead, Allen asserts that 28 U.S.C. §

1442(a)(1) confers authority for removal of civil actions commenced in state court against a

federal officer.[23] Relying on *Palermo v. Rorex*, 806 F.2d 1266 (5th Cir. 1987), *cert. denied*, 484

U.S. 819 (1987), plaintiff argues that 28 U.S.C. § 1442(a)(1) provides an absolute right of

removal whenever a suit in a state court is for any action "under color" of federal office,

---

[23] The statute provides in relevant part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following
may be removed by them to the district court of the United States for the district and division
embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that
officer) of the United States or of any agency thereof, sued in an official capacity for any act
under color of such office or on account of any right, title or authority claimed under any Act of
Congress for the apprehension or punishment of criminals or the collection of revenue.

28 U.S.C. § 1442(a)(1) (1994).

regardless of whether the suit could originally have been brought in federal court. Based on the allegations in defendants' Motion to Dismiss, Allen argues that the defendants were aware that they were being sued in state court for any negligent acts committed within the scope of their federal employment. Consequently, Allen claims that defendants had thirty days from their receipt of the complaint on June 17 and 18, 1997 to remove the action. Since the defendants did not remove the action within thirty days of these dates, Allen contends that they waived their right of removal under 28 U.S.C. § 1442(a)(1).

Second, Allen replies that this action is due to be remanded because the defendants improperly removed this action pursuant to 28 U.S.C. § 233. According to Allen, 28 U.S.C. §§ 233(b) and (l) set forth the events which permit a contractor of a covered entity to remove a case under § 233.[24] Allen claims that the defendants have failed to satisfy these requirements for

_____

[24]  Paragraphs (b) and (l) of 42 U.S.C. § 233 provide as follows:

(b) The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury. Any such person against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary.

. . . .

(l)  (1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) of this section or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a) of this section, the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h) of this section, that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.

three reasons.  First, Allen notes that appropriate notification under § 233(b) has not been

demonstrated because there is no evidence that the defendants delivered "within such time after

date of service or knowledge of service as determined by the Attorney General, all process

served upon him or an attested true copy thereof to his immediate superior or to whomever was

designated by the Secretary to receive such papers . . . ."  42 U.S.C. § 233(b).  Allen claims that

the defendants have only presented evidence that Rowe knew of the lawsuit on or before July 1,

1997, and that on said date "made a demand on the Office of the General Counsel for the

Department of Health and Human Services to defend this lawsuit on behalf of Drs. Godfree and

Christenberry."  Allen asserts that Christenberry and Godfree were not employees of EQOL and,

consequently, Rowe could not be their "immediate superior."[25]  Thus, Allen claims that the

defendants have failed to satisfy their duty to prove their compliance with § 233(b).[26]

Next, Allen argues that the defendants should not be afforded the right to remove the

petition pursuant to 42 U.S.C. § 233(l) because they have not shown that "whomever was

designated by the Secretary to receive such papers" gave appropriate documentation to the

appropriate entities as required by 42 U.S.C. § 233(b).  Allen argues that the defendants have

failed to present evidence that the appropriate person "promptly furnish[ed] copies of the

pleading and process therein to the United States attorney for the district embracing the place

---

(2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (l), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court.

[25]  Again, a circular argument.

[26]  As elsewhere indicated, this court is of the opinion that the defendants delivered or caused to be delivered the appropriate information to Rowe and there is no other person who could be more clearly considered their "immediate superior."  None has been suggested by either Allen or the United States.

wherein the proceeding is brought, to the Attorney General, and to the Secretary." 42 U.S.C.
233(b). Specifically, Allen points out that the United States Attorney for the Northern District of
Alabama stated in his Notice Pursuant to 42 U.S.C. § 233(l)(1) "[t]hat on November 16, 2001,
the Attorney General of the United States was first notified of the existence of this action by
virtue of a letter dated November 16, 2001, from private counsel for defendants Christainberry
[sic] and Godfrey [sic] to the Director of Torts Branch, Civil Division, U.S. Department of
Justice." Allen contends that the defendants did not "promptly furnish" notice to the Attorney
General by waiting four years after they were served with the summons and complaint.[27]

Finally, Allen argues that the defendants failed to remove the cause within thirty days
following the Attorney General's failure to appear in the state action. Allen contends that 42
U.S.C. § 233 and 28 U.S.C. § 1446 should be read in pari materia because 42 U.S.C. § 233 is
silent as to the time limitation for removal by the alleged public employee. Relying on *Balfour
Beatty Bahamas, Ltd. v. Bush*, 170 F.3d 1048, 1050 (11th Cir. 1999), Allen states that "[i]t is a
general rule of statutory construction that a more specific statute covering a particular subject is
controlling over a statutory provision covering the same subject in more general terms."[28] Allen
contends that the more specific statute on the issue of the timing for an individual defendant to
remove a case is 28 U.S.C. § 1446(b). She claims that the result of reading these statutes
together is that the party claiming to be a public employee must remove a case within thirty days
of the Attorney General's failure to appear in the state action within fifteen days after

---

[27] This court is of the opinion that the defendants cannot be held responsible for any such failure by an "immediate superior."

[28] The court agrees with this general principle and, thus, is of the opinion that 42 U.S.C. § 233 controls all issues. This general principle somewhat refutes Allen's other arguments as to removal, etc.

notification of the Attorney General.  Assuming that the defendants gave proper notice to the

Attorney General on July 1, 1997, pursuant to 42 U.S.C. § 233(b), the Attorney General then

must make an appearance within fifteen days of notice.  Since the Attorney General did not

make an appearance, Allen argues that the defendants then had thirty days to remove the action

after the expiration of the fifteen day period.  Allen points out that the defendants did not remove

the action within this thirty day period and, thus, she claims that the defendants' removal was

untimely pursuant to 28 U.S.C. § 1446(b).[29]

**MOTION TO REMAND STANDARD**

Federal courts are courts of limited jurisdiction.  *See Burns v. Windsor Ins. Co.*, 31 F.3d

1092, 1095 (1994).  Therefore, federal courts only have power to hear cases that they have been

authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  The limited nature of federal

court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where

federal jurisdiction is not absolutely clear.  *Burns*, 31 F.3d at 1095.  The removal statute is to be

construed narrowly with doubt construed against removal.  *See Shamrock Oil & Gas Corp. v.*

*Sheets*, 313 U.S. 100, 107-09 (1941).  It is not clear that such general statements apply to

procedural issues.

A case may be removed from state to federal court only if the case could have been

brought originally in federal court.  *See* 28 U.S.C. § 1441(a).  The burden of establishing federal

jurisdiction is placed on the removing party with all doubts resolved in favor of remand.  *See*

---

[29] The court does not recall any evidence that the Attorney General got any notice in 1997 unless Rowe
sent her a copy as requested.  The court notes, however, that if § 233 controls as a specific statute, it has no time
limit.

*Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).  A state court action may be removed to federal court based upon diversity or federal question jurisdiction, see 28 U.S.C. § 1441(a), (b), or other specific statutes, see 42 U.S.C. § 233.

## ADDITIONAL ANALYSIS

Civil actions commenced in state court for personal injury caused by commissioned officers, employees or contractors of the Public Health Service ("PHS") can be removed to federal court pursuant to the requirements stated in 42 U.S.C. § 233.[30]  The remedy against the

---

[30]  The pertinent subsections of 42 U.S.C. § 233 that address the removal procedure are subsections (c), (l)(1), and (l)(2).

Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.  Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, a case shall be remanded to the State Court:  Provided, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim, in such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

42 U.S.C. § 233(c).

(1)   If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) of this section or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a) of this section, the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsection (g) and (h) of this section, that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect tot he actions or omissions that are the subject of such civil action or proceeding.  Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the line and scope of their employment or responsibility.

(2)   If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate

United States for damage for personal injury, including death,

> resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or *employee of the Public Health Service* while acting within the scope of his office or employment, *shall be exclusive of any other civil action or proceeding* by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a) (emphasis added).[31] *The Attorney General shall defend any civil action brought in any court against an employee of the PHS.* 42 U.S.C. § 233(b).[32] The employee of the PHS must "deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary [of HHS] to receive such papers. . . ." *Id.* This immediate superior is required to promptly furnish copies of the pleading and process to three individuals: 1) the United States attorney for the district embracing the place wherein the proceeding is brought, 2) the Attorney General, and 3) to the Secretary of HHS. *Id.*[33]

---

> Untied States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination.

42 U.S.C. §§ 233(l)(1), (l)(2).

[31] 42 U.S.C. § 233(g)(1)(A) provides that a contractor of such an entity as EQOL will be deemed to be an employee of the Public Health Service *if* he or she is "a physician or other licensed or certified health care practitioner." This suggests that the P.C. could not be such a contractor, but that the individual physicians could be. This further supports a conclusion that the contract was between EQOL and the individual physicians. In any event, this court interprets the statute to require that the "immediate superior" notify the Attorney General, etc.

[32] The Attorney General has refused to do so.

[33] The Government's present argument that the statute provides that the defendants rather than the "immediate superior" are the parties who are required to "promptly furnish copies . . . to the United States attorney . . .", in this court's opinion, borders on being frivolous. The court does not recall this argument being made at an earlier oral argument.

The United States relies upon 42 U.S.C. § 233(g)(1)(F) for its argument that a determination of HHS that a person is not a contractor of an entity is final and binding. That section states that such a determination is final and binding if the Secretary deems a person *to be* such a contractor. It does not address a contrary finding. If such a negative finding were final and binding as to contractors, it would likely deny them due process.[34]

The procedure for removal of a civil action filed against an employee of the PHS in state court is the following. The civil action commenced in state court shall be removed to the district court of the United States upon "certification" by the Attorney General that the employee was "acting in the scope of his employment at the time of the incident out of which the suit arose." *Id.* at § 233(c). Once the action is removed by the Attorney General, the proceeding is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." *Id.* at § 233(c). After the case is removed, the district court can conduct a hearing on a motion to remand. If the district court determines that the "case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court." *Id.* The Attorney General can remove the action, without bond, at any time before trial. *Id.*

The statute also provides that the employee of the PHS can remove an action filed in state court if the Attorney General does not make an appearance in state court and certify that the

---

[34] In a November 18, 1993 letter, HHS stated:

Please note that the applicability of the Act to a particular claim or case will depend upon the determination or certification, as appropriate, by the Attorney General *that the individual or grantee is covered by the Act* and was acting within the scope of employment. Such determination or certification is *subject to judicial review.*

(Emphasis added). Covered defendants have a statutory right.

employee was acting within the line and scope of his federal employment. The procedure for this provision is as follows. The Attorney General, within fifteen (15) days after being notified of the filing of the state action,

> shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h) of this section, that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. *Such advice shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.*

*Id.* at § 233(l)(1) (emphasis added). If the Attorney General does not so appear in state court within fifteen (15) days of being notified, then the civil action "shall be removed to the appropriate United States distrivt court" after a petition requesting such action has been filed by the employee of the PHS. *Id.*[35] Once the civil action is removed to the United States district court by the employee or contractor of PHS, the proceedings are stayed until the district court "conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) of this section and issues an order consistent with such determination." *Id.* at § 233(l)(2).

There is certainly an inference that Drs. Christenberry and Godfree provided their immediate superior with copies of the summons and complaint with which they were respectively served on June 17 and 18, 1997. That is all that the statute required that *they* do. The Attorney General has not certified under 42 U.S.C. § 233(c) that Christenberry and Godfree were or were not acting in the line and scope of their employment. The only notice filed by the

---

[35] Again, no time limit is prescribed.

United States in state court action simply stated that HHS "has under consideration, pursuant to the provisions of 42 U.S.C. §§ 233(g) and (h), whether Dr. Kyle Christianberry and Dr. Newton Godfrey, . . . , *are to be deemed employees of the Public Health Service.*" (Emphasis added). This notice is arguably not tantamount to a certification by the Attorney General that Drs. Christenberry and Godfree were employees of PHS acting within the line and scope of their employment, nor in compliance with § 233(l)(1). However, this court notes the following: 42 U.S.C. § 233(l)(1) provides that advice to a state court "as to whether the Secretary has determined . . . that such . . . contractor of the entity is deemed to be an employee of the Public Health Service . . . shall be deemed to satisfy the provisions of subsection (c) of this section that the Attorney General certify that . . . [a] contractor of the entity was acting . . . ." 42 U.S.C. § 233(c) provides that upon "such certification . . . any such civil action . . . commenced in State court *shall be removed* without bond at any time before trial by the Attorney General . . . ." (Emphasis added).  If, as the United States has argued, the notice filed by the United States Attorney for the Northern District of Alabama on November 20, 2001 constituted compliance with § 233(l)(1), the action *should have been removed* by the Attorney General before trial. Removal merely complies with that section whether instigated by the Attorney General or the defendants.  The U.S. Attorney's "notice" was designated "Notice Pursuant to 42 U.S.C. §(l)(1)", which, in turn, is deemed to be a certification pursuant to § 233(c).  The United States acknowledges that this action was removed "the last business day before trial."  Apparently § 233 does not contemplate that an action removable under its provisions should proceed to trial in state court if the Attorney General has "appeared" pursuant to § 233(l)(1).  Further, apparently, a removal is the only procedure by which such a trial can be prevented.  No remedy short of removal has been suggested to this court.

21

The United States has argued that, "Had the United States not filed that notice, arguably, the defendants would have been able to remove to federal court, under 42 U.S.C. § 233(l)(2) . . . ." The United States does not, however, address the provisions discussed above which state that such an appearance is tantamount to certification and that when there is a certification, the action *shall be removed.*  The United States has indicated that at least one of the reasons that it did not remove this action was because HHS concluded that Christenberry and Godfree were not PHS contractors.  This court does not agree with that conclusion.

Drs. Christenberry and Godfree did all that the statute required that they do if Rowe is considered to be their "immediate superior."[36]  The statute does not indicate that Drs. Christenberry and Godfree have any more responsibility for the action or inaction of their "immediate superior," etc., than they have for the action or inaction of the Attorney General.  42 U.S.C. § 233(l)(1) provides that the Attorney General, within fifteen days after being notified of a state court filing, "shall make an appearance in such court and advise such court as to whether the Secretary has *determined* under subsections (g) and (h) of this section, that such . . . employee . . . is deemed to be an employee of the Public Health Service" (emphasis added).  This "advice" will be deemed to satisfy the Attorney General "certification" requirement found in 42 U.S.C. § 233(c).  However, if the Attorney General fails to so appear in state court during the fifteen day time period, then the state court action shall be removed to the appropriate United States district court upon petition of the employee or contractor.  *See* 42 U.S.C. § 233(l)(2).

As acknowledged by the United States, 42 U.S.C. § 233 does not place a time limit on

---

[36] In the absence of any contrary citation of statutory provision(s), controlling case authority or otherwise, this court concludes that the delivery to Rowe constituted compliance with § 233(b).  The United States has not suggested that there is any other designated person.

22

removals pursuant to its various provisions.  42 U.S.C. § 233(l)(2) does not prescribe a time limit for removals.  *Compare Warren v. Joyner*, 996 F. Supp. 581, 583 (S.D. Miss. 1997).  The first paragraph of 28 U.S.C. § 1446(b) apparently does not have application to 42 U.S.C. § 233 removals.  It is not clear that the second paragraph of said § 1446(b) has application.

## CONCLUSIONS OF THE COURT

This court has concludes as follows:

(1) The defendants Christenberry and Godfree timely gave the only notice that they were required to give to their "immediate superior."

(2) The defendants Christenberry and Godfree were included as independent contractors covered by the contract with EQOL and were, thus, entitled to the protections afforded under 42 U.S.C. § 233(a).

(3) The action has been timely removed by the defendants or, by operation of law, has been or should have been removed by the Attorney General.

This case will never be decided because of infallibility, only because of finality.  The court will certify the decision of the court not to remand the case pursuant to 28 U.S.C. § 1292(b).  That statute should be read carefully for procedural requirements.

An issue which may have to be decided by this court, after removal, is addressed in a letter from HHS dated November 18, 1993.  There may have to be a determination as to whether Christenberry and Godfree are providers "whose medical malpractice liability insurance coverage *does not extend to services performed for this grantee*."  (Emphasis added).  It is not clear whether this possible requirement had changed by 1996.

23

This ___30th___ day of April 2002.


ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE